## KERN v. POE.
### No. 8204.

District Court, W. D. Washington, S. D.
May 19, 1934.

McMicken, Ramsey, Rupp & Schweppe, of Seattle, Wash., for plaintiff.

Anthony Savage, formerly U. S. Atty., of Seattle, Wash., De Witt C. Rowland, Asst. U. S. Atty., of Tacoma, Wash., and Thomas R. Winter, Sp. Atty., Bureau of Internal Revenue, and J. Charles Dennis, U. S. Atty., both of Seattle, Wash., for defendant.

CUSHMAN, District Judge (after stating the facts as above).

Concerning plaintiff's claim of acting under duress, one of the tests of the truthfulness of testimony is whether the conduct of the witness at the time of and following the occurrence is consistent with his testimony. The plaintiff testified:

"Q. After they made this statement, that you had to pay the tax or they would bring you to Tacoma, what was done then? What did you say? A. I didn't know what to do; there was no one there I could go to for advice; the only man there I thought could give me advice was the Fish Commissioner, Cal Townsend. One time Mr. Denny and Mr. Stiner went out of my store, for one purpose or other, and I went down and asked—

"Mr. Winter (Interrupting): I object to anything he asked another person, conversation he had with another person.

"The Court: It might have a bearing on the nature of his acts, whether they were voluntary or not, but it wouldn't go beyond that. The case is being tried to the Court, without a jury. Objection overruled.

"Q. Proceed. A. I went to Mr. Townsend and I told him—

"Q. (Interrupting) Who is Mr. Townsend? A. The Fish Commissioner up there.

"Q. Fish Commissioner? A. Fish Commissioner, yes.

"Q. Proceed. A. And I told him what Mr. Denny had said to me and I asked him if he knew what authority they had and he told me he didn't know—

"Mr. Winter (Interrupting): We object to the statement made by Mr. Townsend and we want a ruling so we can take an exception.

"The Court: Overruled.

"Mr. Winter: Note an exception.

"The Court: Allowed.

"Q. You may proceed. A. He said 'They have unlimited authority. They can do most anything they please.'

"Q. How did Mr. Townsend happen to be there at that time? A. Why, he brought Mr. Denny and Mr. Stiner over; in fact, he stays around there most every summer; that is his position to look after the fish that is exported from the territory.

"Q. Were there any other white people there at the time Mr. Denny and Mr. Stiner were there, besides Mr. Townsend? and yourself? A. Well, there was nobody right there; there was another white man lived right up above, but he didn't know any more than I did as far as advice is concerned."

944

■

■ Upon the whole testimony I find that the returns, the waiver, and the payment were not voluntarily made.

■ No question is made but that the burden of showing his right to recover rests upon the plaintiff. The plaintiff testified in his own behalf. He did not produce account books. The nature of any books of account kept by him was not clearly shown, nor is it shown but that such records or books as he did keep were shown the deputy collectors when they visited his place of business in 1926.

The defendant did not, other than by objection upon the trial, ask their production. Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Yu Cong Eng v. Trinidad, 271 U. S. 500, 46 S. Ct. 619, 70 L. Ed. 1059.

The plaintiff's testimony concerning his income as well as the items and accounts of his expenditures on the whole was satisfactory and convincing. It appeared to the court that in the matter of expenditures, where he had nothing in the nature of a voucher to support the item, he understated or estimated rather than overstated such amounts. A notable instance of this is found in his claim of expenditure for gas and oil for the two years, he having vouchers for part of the year 1925 but none for the prior year.

■ No attempt was made at cross-examination of plaintiff as to the particular items, either of income or expenditures, nor did the defendant offer evidence touching any such items. Defendant appears to rest his case upon the claim that the plaintiff has not sustained the burden upon him in the matter of evidence. Prima facie he has done so and, having so done, the burden was then upon the defendant to, by some evidence, support the validity of the tax.

■ The court assumes that in such a case as this, where, as the court concludes, the books and records of account were incomplete and fragmentary, the collector might lawfully act upon secondary evidence or resort to averages and percentages established by the business of others similarly situated; but there is nothing in the testimony to disclose that the deputy collectors reached the conclusion disclosed by either return upon any relevant fact or facts and the grossly inadequate amount allowed for deductions for both years destroys any presumption of correctness of the statement of income.

The case, as made for the defendant, appears to be summed up in the following and similar statements appearing in his brief: "The only evidence in the case of the taxpayer's business consists of his unsupported statements, invoices of purchases and unsupported statements as to expenses and claimed deductions."

The asserted lack of support, as the court understands defendant, refers to the absence of books of account showing all transactions.

Such testimony as that of plaintiff is not to be disregarded for such reason alone. The significance, if any, of a failure to keep books, depends upon the individual, his qualifications, the situation, the business, and other circumstances.

Men have been hung "from time to time" upon the word of their fellows, without support or corroboration from records or books of account.

The court finds the plaintiff has established his right to recover the amounts for which he sues.

Findings, conclusions, and judgment will be settled upon notice.

The clerk is directed to notify the attorneys for the parties of the foregoing.